IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                       )<br>              Plaintiff,            )<br>                                                       )<br>    vs.                                           )<br>                                                       )<br>ENRIQUETA BATIZ,                     )<br>                                                       )<br>              Defendant.         ) | Case No. 8:12CR313<br><br><br>ORDER |

    This matter is before the court on the defendant Enriqueta Batiz's Motion to Sever Count VII of the Indictment (#90).  Defendant moves the court, pursuant to Fed.R.Crim.P. 8, to sever Count VII of the superseding indictment from the remaining counts.  The defendant alleges Count 7 is improperly joined under Rule 8(a) because it concerns an alleged offense based upon events occurring nearing three years after the allege conspiracy (Count 1) ended, and over four years after the last overt act defendant allegedly performed in furtherance of the conspiracy (Count 3).

    A review of the superseding indictment discloses that defendant is charged in Count I with conspiracy to defraud the United States, Count 3, false documents submitted to United States government agency, and Count 7, false statement to an agent of the United States government.  I find the motion to sever should be granted as the allegations involving the defendant in Count 7 are not of the same or similar character or based upon the same act or transaction, nor did it constitute part of a common scheme or plan.  Clearly Count 7 involves an entirely separate incident in which Batiz allegedly gave false statements to an agent of the United States government which had nothing to do with the issues of the fraudulent marriage claims in Counts 1 and 3.

Federal Rule of Criminal Procedure 8(b) permits the government to join multiple defendants in a single indictment provided the defendants charged are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  Joinder is proper if any one of these three standards is met.  Rule 8 generally favors joinder "to promote the efficient administration of justice." United States v. Take Alive, 513 F.3d 899, 902 (8th Cir. 2008).

I find that defendant Batiz's Motion to Sever should be granted as Count 7 involves an entirely separate incident.

**IT IS ORDERED:**

1.  The Motion to Sever Count VII of the Indictment (#90) is granted.

2.  The Clerk shall amend the records of the court to show the severance of Count 7 from the remaining counts of the October 17, 2013 superseding indictment (#10).

A party may object to the magistrate judge's order by filing an "Statement of Objections to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 14th day of March 2013.

           BY THE COURT:

           s/ F.A. Gossett, III
           United States Magistrate Judge